**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*FILED*

*NOV 1 3 2002*

*MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| JEREMY EARL, | ) | |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| -vs- | ) | Cause No.: 01 CV 05182 |
| | ) | |
| DENNY'S, INC. | ) | **DOCKETED** |
| | ) | |
| Defendant. | ) | NOV 1 4 2002 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT OF "MEDICAL
MALPRACTICE" OF PLAINTIFF JEREMY EARL'S TREATING PHYSICIANS**

Under Illinois common law, a tortfeasor cannot rely on a doctor's negligent treatment of the victim's injuries to avoid or reduce the tortfeasor's own liability, at least so long as the victim used reasonable care in selecting a doctor. *Doe v. United States*, 976 F.2d 1071, 1084 (7th Cir 1992), *reh'g denied*; *Williams v. Material Svc. Co.*, 1985 WL 896, *2 (N.D. Ill. 1985) (attached hereto for the Court's convenience); *Gertz v. Campbell*, 302 N.E.2d 40 (Ill. 1973); *Kolar v. Ray*, 492 N.E.2d 899, 913-14 (Ill. Ct. App. 1986), *reh'g denied*; *Kolakowski v. Voris*, 418 N.E.2d 1003, 1009 (Ill. Ct. App. 1981).

The defendant, through its defense medical expert, may attempt to argue that the plaintiff's treatment was excessive or unnecessary. Any evidence or argument regarding whether treatment was "negligent" in some way is not relevant, because the defendant's liability encompasses damages flowing not only from necessary procedures performed carelessly, but from unnecessary treatment as well. As stated by the Indiana Court of Appeals in *Whitaker v. Kruse*, 495 N.E.2d 223, 226 (Ind.Ct.App. 1986):

If this court were to adopt the position that an injured party could not recover for aggravated injuries caused by a physician's misdiagnosis and performance of an arguably unnecessary operation, the injured party would be placed in the unenviable position of second-guessing his physicians in order to determine whether the doctor properly diagnosed the injury and chose the correct treatment. ...On the one hand, his damages would be reduced if he submitted to the physician's treatment and it was later argued that the physician chose a course of action that was inappropriate and unnecessary. On the other hand, if the patient refused to follow the physician's advice, the tort-feasor could argue that the injured party's damages should be reduced because he failed to follow his physician's instructions. Thus, the injured party is placed in a no win situation....

We hold that an injured party may recover for injuries caused by the original tort-feasor's negligent conduct and for any aggravation of those injuries caused by a physician's improper diagnosis and unnecessary treatment or proper diagnosis and negligent treatment. In order to recover under this rule, the plaintiff need only show he exercised reasonable care in choosing the physician.

*Id.*

Defendant's medical expert's opinion seems to be solely that the plaintiff's treating doctor misdiagnosed, then negligently or unnecessarily treated the plaintiff. *See,* Exhibit A, pp. 2-3. Dr. Haskell states:

It is further my opinion that the surgery performed on September 13, 2000 was unnecessary and there was no medical basis for performing the surgery in view of the negative objective tests. ... This type of injury [shoulder sprain] should have resolved with appropriate conservative treatment which was rendered, within 4-6 months with no residual symptoms. The surgery I do not feel was indicated on the basis of the medical records, including objective tests such as MRI and arthrogram.
*Id.*

Moreover, defendant has produced no evidence or elicited any testimony that the plaintiff failed to use ordinary care in selecting his physician.

2

Under the case law cited *supra*, such evidence and/or argument regarding the

"malpractice" of the treating physician, or unnecessary or excessive treatment, is legally

irrelevant and should be excluded.

Respectfully submitted,

RUMAN, CLEMENTS & HOLUB, P.C.

BY: TRACEY S. WETZSTEIN - #20790-45


Attorney for Plaintiff
5261 Hohman Avenue
Hammond, Indiana 46320
(219) 933-7600


## CERTIFICATE OF SERVICE

I certify that on the __13th__ day of November, 2002, service of a true and complete copy of the above and foregoing pleadings or papers were made upon each party or attorney of record herein by depositing the same in the United States mail in envelopes properly addressed to each of them and with sufficient first class postage affixed.


RUMAN, CLEMENTS & HOLUB, P.C.


BY: Debbie Middleton


99-0312 (17)


3

1985 WL 896
(Cite as: 1985 WL 896 (N.D.Ill.))

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

MARY WILLIAMS, Administrator for the Estate of ERIC WILLIAMS, Plaintiff,
v.
MATERIAL SERVICE COMPANY, SILVER CROSS HOSPITAL and JACK ROBERTS, M.D., Defendants.

No. 82 C 5014.

April 18, 1985.

MEMORANDUM OPINION AND ORDER

NORDBERG, Judge.

*1 Plaintiff Mary Williams, administratrix of the estate of decedent Eric Williams, brought this action against defendants Material Service Corporation ('MSC'), Silver Cross Hospital, and Dr. Jack Roberts seeking damages for negligence and wrongful death. This court has diversity of citizenship jurisdiction by virtue of 28 U.S.C. § 1331. Defendant MSC has moved for summary judgment on counts I and II of plaintiff's complaint. Although defendant MSC's motion cannot be granted in whole, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, partial summary judgment is granted in accordance with the following opinion.

The purpose of the summary judgment procedure is to provide for the prompt disposition of actions where there is no genuine issue as to any material fact. Kirk v. Home Indemnity Co., 431 F.2d 554, 559-60 (7th Cir. 1970). With the ever-increasing burden on the judiciary, pervasive reasons exist for the utilization of summary judgment procedures whenever possible. Id. Upon consideration of a motion for summary judgment under Rule 56, the court may find that judgment cannot be rendered upon the whole case or for all of the relief sought and that a trial is necessary. If, at the same time, the court determines that material facts exist without substantial controversy, Rule 56(d) directs that the court enter an order specifying those facts which appear without substantial controversy or a partial summary judgment order. 28 U.S.C. Rule 56(d).

The partial summary judgment order is merely a determination before trial that certain issues shall be deemed established in advance of trial so as to avoid a useless trial over facts and issues over which there is no real controversy. Luria Steel and Trading Corp. v. Ford, 9 F.R.D. 479, 481 (N.D. Neb. 1949). Hence, partial summary judgment is appropriate where favorable action on a motion for summary judgment will not completely dispose of the case and further proceedings in the nature of a trial are necessary. Rohlfing v. Cat's Paw Rubber Co., 17 F.R.D. 426, 428 (N.D. Ill. 1954). Moreover, while an order under Rule 56(d) narrows the issues and enables the parties to recognize more fully their rights, the court retains full power to make a complete adjudication of all aspects of the case when the proper time arrives. Woods v. Mertes, 9 F.R.D. 318, 320 (D.C. Del. 1949).

Facts Not in Controversy

Based on the submissions of the parties, in accordance with Rule 56(d) of the Federal Rules of Civil Procedure, the following material facts are not in controversy in this case: Plaintiff's decedent Eric Williams was employed by defendant MSC. Due to injuries sustained aboard a MSC river vessel, Mr. Williams was hospitalized on August 16, 1980, under the care of defendant Silver Cross Hospital and defendant Dr. Jack Roberts. During his hospitalization, Mr. Williams was administered Talwin for pain relief and received a final 50 milligram does approximately 35 minutes prior to his release on August 21, 1980. Following his release from Silver Cross Hospital, Mr. Williams consumed an excessive amount of alcohol and, while driving north in the southbound lanes of I 57 at a high rate of speed in an intoxicated condition, collided with two other vehicles near milepost I 30.49 in Marion County, Illinois. It is clear that Mr. Williams' death was caused by the fatal injuries received in the August 21, 1980 automobile accident and did not result from the injuries he sustained aboard the MSC river vessel on August 16, 1980.

Discussion

*2 Plaintiff contends that the negligent acts of defendant MSC initiated the chain of events leading to Mr. Williams' death and therefore MSC is liable for his wrongful death. The court concludes that plaintiff is in error for at least two reasons. First, the authority upon which plaintiff bases her extension of liability to defendant MSC, Illinois case law holding that certain medical malpractice is foreseeable, does not warrant such a result upon the facts of this case. Second, traditional principles of proximate cause prohibit the extension of liability for plaintiff's wrongful death to

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1985 WL 896
(Cite as: 1985 WL 896, *2 (N.D.Ill.))

Page 5

defendant MSC. However, genuine issues of material fact remain regarding the existence and extent of defendant MSC's liability for alleged negligence aboard the MSC river vessel on August 16, 1980.

Plaintiff argues that, since defendant MSC is the party alleged to be at fault for the injuries which placed Mr. Williams in Silver Cross Hospital, defendant MSC is liable for the death of Mr. Williams as proximately caused by medical negligence (failure to warn of the effects of Talwin) in the treatment of injuries received aboard the MSC river vessel. [FN1] As authority for this argument, plaintiff cites Illinois cases holding that certain medical negligence is foreseeable and that a tortfeasor can be held liable for any aggravation of the original injury which is caused by medical malpractice during the treatment of that injury. See, **Gertz v. Campbell, 55 Ill.2d 84, 302 N.E.2d 40 (1973)**; Kolakowski v. Vorhis, 94 Ill. App.2d 404, 418 N.E.2d 1005 (1981). However, the rule established by **Gertz** does not support a finding that defendant MSC is liable for the wrongful death of plaintiff's decedent in the instant case. The essence of the Illinois Supreme Court's holding in **Gertz** is that a tortfeasor is legally responsible for any aggravation of original injuries caused by a physician's malpractice since such additional damages are as a matter of policy deemed to be foreseeable. **55 Ill.2d at 91.**

In the case at bar, plaintiff does not seek damages for any aggravation of the injuries sustained by Mr. Williams as a consequence of defendant MSC's alleged negligence. The fatal injuries in this case were not a mere aggravation of those injuries Mr. Williams received aboard the MSC river vessel, but were obviously new and different physical injuries that were clearly not foreseeable. While some medical malpractice is deemed foreseeable in Illinois, separate and unrelated injuries resulting from a bizarre automobile accident, and not the direct result of medical negligence, are clearly not within the scope of the **Gertz** rule.

Moreover, to allow plaintiff to recover against MSC in this action would violate basic principles of proximate causation. In the landmark case of Palsgraf v. Long Island R. Co., 162 N.E. 99 (N.Y. 1928), Justice Cardozo shaped the following guide to proximate cause determinations:

> The court must ask itself whether there was a natural and continuous sequence between cause and effect. Was the one a substantial factor in producing the other? Was there a direct connection between them, without too many

intervening causes? Is the effect of cause likely, in the usual judgment of mankind, to produce the result? Or, by the exercise of prudent foresight, could the result be foreseen? Is the result too remote from the cause, and here we consider remoteness in time and space. Bird v. St. Paul & M. Ins. Co., 162 N.E. at 104.

*3 Thus, the rule established by the Palsgraf court is that the duty owed is limited only to reasonably foreseeable risks.

Clearly, application of those guidelines to the facts of the case at bar require a finding that no proximate cause liability can be imputed to defendant MSC for the wrongful death of Eric Williams. As noted, the uncontroverted evidence in this case establishes that Mr. Williams died in an automobile accident on I57 in Marion County, Illinois on August 21, 1980. Plaintiff alleges that the driving behavior of Mr. Williams' which caused the fatal accident was the result of medical negligence. Certainly, it is not reasonable foreseeable that negligence aboard a river vessel would produce a fatal automobile accident five days later and 200 miles away. In addition, Mr. Williams' consumption of a significant quantity of alcohol, and his outrageous driving behavior, constitutes a superseding intervening cause breaking any possible causal link to defendant MSC's alleged negligence on August 16, 1980. [FN2]

Accordingly, the court finds that defendant MSC cannot be held liable for the wrongful death of plaintiff's decedent due to the lack of foreseeability and a proximate cause link between defendant MSC and the circumstances surrounding the death of Eric Williams. Therefore, defendant MSC's motion for summary judgment is granted on Count II of plaintiff's complaint with respect to any liability for events subsequent to Mr. Williams' release from Silver Cross Hospital. However, because issues regarding defendant MSC's liability for the alleged injury suffered negligence aboard the MSC river vessel on August 16, 1980, remain to be resolved, summary judgment in favor of defendant MSC cannot be granted in whole. Defendant's motion is therefore denied with respect to count I of plaintiff's complaint seeking damages for personal injuries sustained by Eric Williams on August 16, 1980.

FN1 Plaintiff alleges that defendant doctor and defendant hospital negligently failed to warn Mr. Williams not to consume alcohol and not to drive an automobile while under

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1985 WL 896
(Cite as: 1985 WL 896, *3 (N.D.Ill.))

**Page 6**

the influence of Talwin.

FN2  A defendant is not proximately liable for a plaintiff's injuries where some intervening act supersedes the defendant's negligence if the defendant could not reasonably foresee the intervening act. Duewel v. Lahman, 103 Ill.App.3d 220 (1981). Here, the court believes that the consumption of an excessive amount of alcohol five days after leaving the ship by Mr. Williams (which plaintiff does not dispute) was not reasonably foreseeable as to defendant MSC, and was an intervening superseding cause of the accident.

1985 WL 896, 1985 WL 896 (N.D.Ill.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

FILED
NOV 1 3 2002 rg
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATED DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JEREMY EARL,            )
                               )
       Plaintiff,        )      Magistrate Judge Sidney I. Schenkier
                               )
       -vs-           )      Cause No.: 01 CV 05182
                               )
DENNY'S, INC.          )
                               )
       Defendant.      )

DOCKETED
NOV 1 4 2002

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
### EVIDENCE OR ARGUMENT OF "MEDICAL MALPRACTICE"
### OF PLAINTIFF JEREMY EARL'S TREATING PHYSICIANS

Plaintiff requests an Order precluding the introduction or discussion of certain evidence until its relevancy, materiality, and admissibility have been established, pursuant to F.R.E. 103, 401, and 403, and its prejudicial impact has been weighed. Plaintiffs show this Court as follows:

1.     Plaintiff anticipates that defendant will seek to discuss, mention, and/or introduce evidence of, or argue that, one or both of plaintiff Jeremy Earl's treating physicians committed "malpractice" in their care and treatment of plaintiff, treated plaintiff excessively or unnecessarily, or that these physicians deviated from applicable standards of care in the treatment of plaintiff, specifically through the testimony of Dr. Saul Haskell, the defense medical expert.

2.     Defendant's medical expert has stated in his report, "It is further my opinion that the surgery performed on September 13, 2000 was

unnecessary and there was no medical basis for performing the surgery... ." [A

true and accurate copy of Dr. Haskell's report is attached hereto as Exhibit A.]

3.      Defendant has not disclosed any evidence that the plaintiff failed to

exercise reasonable care in the selection of his treating orthopedic surgeon.

4.      Introduction of evidence concerning this issue would be irrelevant,

immaterial, unfairly and substantially prejudicial, and confusing and misleading for the

jury.

5.      This Court should preclude the defendant and all of the defendant's

witnesses from discussing, mentioning, introducing, or in any other way suggesting or

calling to the jury's attention any evidence on these subjects, either in *voir dire*, or at any

other time.

6.      Legal authorities establishing the inadmissibility of the excessiveness/lack

of necessity for treatment or "malpractice" evidence are attached hereto and incorporated

herein by Plaintiffs' Memorandum in Support of this Motion *in Limine*.

WHEREFORE, plaintiff respectfully requests this Court grant this Motion *in*

*Limine*, and direct that the defendant and all of the defendant's witnesses be precluded

from discussing, mentioning, introducing, interrogating about, or in any other way

suggesting or calling to the jury's attention any evidence on these subjects, in *voir dire* or

any other time, and further grant all proper relief.

Respectfully submitted,

RUMAN, CLEMENTS & HOLUB, P.C.

BY: TRACEY S. WETZSTEIN - #20790-45

Attorney for Plaintiff
5261 Hohman Avenue
Hammond, Indiana 46320
(219) 933-7600

## CERTIFICATE OF SERVICE

I certify that on the __13th__ day of November, 2002, service of a true and complete copy of the above and foregoing pleadings or papers were made upon each party or attorney of record herein by depositing the same in the United States mail in envelopes properly addressed to each of them and with sufficient first class postage affixed.

RUMAN, CLEMENTS & HOLUB, P.C.

BY: _____

99-0312 (17)

3

# SEE CASE FILE FOR EXHIBITS