# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FILED**
NOV 27 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JEREMY EARL, | ) | |
| | ) | |
| Plaintiff, | ) | Magistrate Judge S. I. Schenkier |
| | ) | |
| | ) | No.: 01 CV 05182 |
| DENNY'S, INC. | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 02 2002

## NOTICE OF FILING

PLEASE TAKE NOTICE that on the 27th day of November, 2002, we caused to be filed with the Clerk of the United States District Court for The Northern District of Illinois, Eastern Division, **Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence or Argument of Medical Malpractice of Plaintiff Jeremy Earl's Treating Physicians**, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

DENNY'S, INC.

By: _____
One of their Attorneys

Adrian Mendoza
KANE, LADUZINSKY & MENDOZA, LTD.
225 West Washington Street
Suite 1100
Chicago, Illinois 60606
(312) 726-2322
Firm #38859

15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.: 01 CV 05182 |
| DENNY'S, INC. | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED DEC 02 2002

FILED NOV 2 7 2002 WF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT OF MEDICAL MALPRACTICE OF PLAINTIFF JEREMY EARL'S TREATING PHYSICIANS

NOW COMES the Defendant, DENNY'S, INC., by its counsel, Adrian Mendoza, and in response to Plaintiff's Motion in Limine to exclude evidence or argument of medical malpractice of Plaintiff's treating physicians states as follows:

**I.**

**Introduction**

Jeremy Earl ("Plaintiff") has filed a lawsuit against Denny's ("Defendant") alleging negligence in the maintenance of its premises. Plaintiff alleges that he fell while he was a business invitee on the premises and injured his shoulder. Plaintiff further claims that he required surgery as a result of the injury. On November 13, 2002, Plaintiff filed a Motion in Limine seeking to exclude evidence or argument of medical malpractice of Plaintiff's treating physicians, or that the treatment was excessive or unnecessary.

1



## II.

### Argument

In support of his motion, Plaintiff cites <u>Whitaker v. Kruse</u>, 495 N.E.2d 223 (Ind.Ct.App. 1986), despite the fact that <u>Whitaker</u> dealt with the application of Indiana law and the present case will be decided pursuant to Illinois law. Nevertheless, Illinois law also maintains that a person who is injured through another's negligence can recover from the original tortfeasor not only for the original injury but also for any aggravation of that injury caused by a physician's subsequent malpractice. <u>Gertz v. Campbell</u>, 55 Ill.2d 84, 302 N.E.2d 40 (1973).

The holdings of <u>Whitaker</u> and <u>Gertz</u> are distinguishable upon their facts. In each of those cases, the plaintiff suffered some injury as a result of the defendant's negligence which was later aggravated by the treating physicians' treatment. The issue presented to the court was whether plaintiff could recover for the original injuries and an aggravation of those injuries caused by the treatment of her physicians. Each court held that an injured party is entitled to such recovery even if caused by a physician's negligent treatment.

In the instant case, neither Plaintiff nor Defendant claims that Plaintiff suffered an aggravation of his original injury as a result of negligent treatment by his treating physicians. Rather, Defendant claims, through its expert witness, that the original injury was not significant and there was no objective indicator or medical basis which necessitated the surgery. The missing element of an aggravation caused by the treating physician in the present case does not allow for the application of the <u>Whitaker</u> or <u>Gertz</u> holding to this case.

Under Illinois law, the burden of proof is on the plaintiff in every negligence action to establish that the defendant was under a duty to protect the plaintiff from injury, that the defendant's conduct breached the requisite standard of care, that actual damage resulted from the breach of duty, and that the breach of duty was the proximate cause of the plaintiff's injury. Pickett v. First Am. Sav. & Loan Ass'n., 90 Ill. App. 3d 245, 412 N.E.2d 1113 (5th Dist. 1980); Fugate v. Sears, Roebuck & Co., 12 Ill. App. 3d 656, 299 N.E.2d 108 (1st Dist. 1980).

Thus, if the jury determines that Plaintiff is entitled to a verdict, it may only award that amount of money which will reasonably compensate the Plaintiff for the specific injury and damages that it finds was sustained as a proximate result of the accident. See Illinois Pattern Jury Instructions 30.01.

Defendant denies that Plaintiff suffered a significant shoulder injury which necessitated surgery. Since Plaintiff seeks to include the costs of the surgery and his ensuing pain and suffering as an element of damages, it is his burden to demonstrate that the injury and subsequent surgery were necessary and causally related to the Defendant's conduct. Plaintiff's treating physician is expected to testify that a medical basis existed for performing the surgery and that it was related to the incident. Defendant's expert will testify that, in his opinion, no objective medical basis existed for performing the surgery and that it was not related to the occurrence in question. This is a question of fact for the jury to determine based upon their review of the evidence, and it would be improper for this court to invade the province of the jury and decide this issue as a matter of law.

WHEREFORE, the Defendant, DENNY'S, INC., prays that this Honorable Court enter an order denying Plaintiff's Motion In Limine to exclude evidence or argument of medical malpractice of Plaintiff's Jeremy Earl's treating physicians as requested for the reasons set forth above.

Respectfully submitted,

DENNY'S INC.

By: _____
Adrian Mendoza

KANE LADUZINSKY & MENDOZA, LTD.
225 W. Washington
Suite 1100
Chicago, IL 60606
(312)726-2322

P:\304.001 EARL v. DENNY'S\PLEADINGS\LIMINE RESPONSE

4

## CERTIFICATE OF SERVICE BY MAIL

Adrian Mendoza, an attorney, certifies that he caused the attached **Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence or Argument of Medical Malpractice of Plaintiff Jeremy Earl's Treating Physicians** to be served upon:

Tracey S. Wetzstein
Ruman, Clements & Holub
5261 Hohman Avenue
Hammond, IN 46320

by depositing the same in the U.S. Mail at 225 West Washington, Chicago, IL 60606, with proper postage prepaid before 5:00 P.M., on November 27, 2002.

_____
Adrian Mendoza