IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
DEC 1 0 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JEREMY EARL, ) | |
| ) | |
| Plaintiff, ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| -vs- ) | Cause No.: 01 CV 05182 |
| ) | |
| DENNY'S, INC. ) | |
| ) | |
| Defendant. ) | |

DOCKETED
DEC 11 2002

## REPLY TO DEFENDANT'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT OF MEDICAL MALPRACTICE

In its Response, the defendant attempts to characterize the opinion of its medical expert as something other than passing judgment on the standard of care rendered the plaintiff by his treating physician. However, the expert's opinion is no more than an accusation of medical malpractice on the part of Dr. U.H. Patel, orthopedic surgeon. No evidence has been brought forward by the defendant that the plaintiff failed to use reasonable care in selecting his health care providers, or that the plaintiff failed to do anything other than follow his doctor's orders. The instant case does *not* involve a plaintiff who visited the emergency room, then on his own initiative, sought treatment from a chiropractor, thereby raising the question of necessity of treatment. Rather, Jeremy Earl was referred to therapy and later, an orthopedic surgeon. Treatment was prescribed solely at the behest of the plaintiff's healthcare providers.

Moreover, defendant's argument that an "aggravation" had to have been suffered by the plaintiff fails to take into account that as a result of the surgery performed by



Dr. Patel, the plaintiff suffered permanent scarring and went through additional intensive and painful physical therapy. Defendant's argument further misinterprets the well-established principle embodied in Illinois common law—that medical malpractice is foreseeable in the treatment of injuries caused by the original tortfeasor's negligence, and as such, the original tortfeasor is to be held responsible if the plaintiff used reasonable care in selecting his doctor.

This Court should therefore grant Plaintiff's Motion in Limine to Exclude Evidence or Argument of "Medical Malpractice" of Plaintiff Jeremy Earl's Treating Physicians.

Respectfully submitted,

RUMAN, CLEMENTS & HOLUB, P.C.

BY: TRACEY S. WETZSTEIN - #6257019

_____
Attorneys for Plaintiff
5261 Hohman Avenue
Hammond, Indiana 46320
(219) 933-7600

## CERTIFICATE OF SERVICE

I certify that on the 10th day of December, 2002, service of a true and complete copy of the above and foregoing pleadings or papers were made upon each party or attorney of record herein by depositing the same in the United States mail in envelopes properly addressed to each of them and with sufficient first class postage affixed.

RUMAN, CLEMENTS & HOLUB, P.C.

BY: _____

TSW/mc
99-0312-17