## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5182 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Jeremy Earl vs. Denny's, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion *in limine* to bar evidence of plaintiff's criminal conviction [doc. # 11] is granted; plaintiff's motion *in limine* to exclude evidence or argument of "medical malpractice" [doc. #12] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/12/2002 | |
| | | courtroom | date mailed notice | |
| | JJK | deputy's initials | JJK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

DEC 13 2002

JEREMY EARL,

    Plaintiff,

vs.

DENNY'S, INC.

    Defendant.

No. 01 C 5182

Magistrate Judge Schenkier

## MEMORANDUM OPINION AND ORDER

In this personal injury action that is before the Court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, the plaintiff has sued the defendant for injuries that the plaintiff allegedly suffered in a fall at one of the defendant's restaurants on February 22, 1999. The matter is set for a jury trial to commence on March 24, 2003. Presently before the Court are two motions *in limine* filed by the plaintiff. The Court's rulings on those motions are set forth below.

### I.

Plaintiff has moved *in limine* (doc. # 11) for an order barring the defense from offering evidence of plaintiff's prior conviction for aggravated criminal sexual assault. In its opposition to this motion, defendant argues that the conviction should be admitted solely for its impeachment value (and not, for example, as evidence of "other crimes" as permitted, under certain circumstances, by Federal Rule of Evidence 404(b)). As a result, we address this motion under Federal Rule of Evidence 609(a)(1), which provides, in relevant part, as follows:



> **(a) General rule.** For purposes of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death, or imprisonment in excess of one year under the law under which the witness was convicted, . . .

In this case, plaintiff has not disputed that his prior conviction was for a felony offense punishable by more than one year of imprisonment, and thus within the scope of Rule 609(a)(1). Nor does he argue that the conviction (or his release from any confinement imposed for that conviction) occurred more than ten years ago, so as to make the conviction presumptively unusable, pursuant to Federal Rule of Evidence 609(b). Rule 609(a)(1) provides that plaintiff's prior conviction "shall be admitted," unless consideration of the factors set forth in Federal Rule of Evidence 403 counsel in favor of exclusion.

In reaching this conclusion, we note that the defendant has not suggested that aggravated criminal sexual assault is a crime involving "dishonesty for false statement," such that it would be admissible under Rule 609(a)(2) without engaging in the balancing of considerations required by Rule 403. Nor, do we believe, that the defendant credibly could make such an argument. The commentary to Rule 609 explains that an offense involves "dishonesty or false statement" within the meaning of the rule if it is the type of offense that "involves some element of deceit, untruthfulness or falsification." Advisory Committee Notes to 1990 Amendments to Rule 609. And, within this jurisdiction, courts have held that "a conviction for rape [is] not highly probative of credibility." *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985).

While not arguing that the offense of aggravated criminal sexual assault is a crime of "dishonesty or false statement," the defendant nonetheless asserts that under Rule 609(a), "[p]rior

convictions are admissible for the purposes of impeachment without balancing the prejudicial effect against the probative value" of the evidence. (*See* Def.'s Mem. at 2) (citing *Campbell v. Greer*, 831 F.2d 700, 706 (7th Cir. 1987)). It is true that in *Campbell*, the Seventh Circuit held that "Rule 403 has no application to the use of convictions to impeach a witness's testimony in either a criminal or a civil case." 831 F.2d at 706. And, in 1989, the Supreme Court reached this conclusion, as well, with respect to civil cases. *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527 (1989) ("[W]e hold that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony"). However, both *Green* and *Campbell* addressed the pre-1990 version of Rule 609(a) that, unlike the current version, did not expressly incorporate by reference Rule 403, and did not expressly make the admissibility of prior convictions (not involving dishonesty or false statement) subject to a Rule 403 analysis. The commentary to Rule 609(a) notes that one purpose of the 1990 amendments was to "resolve[] an ambiguity as to the relationship of Rules 609 and 403 with respect to impeachment of witnesses other than the criminal defendant" (citing to the *Green* decision). Advisory Committee Notes to 1990 Amendments to Rule 609. The commentary further explains that the amendments reflect "the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, . . . is appropriate for assessing the admissibility of prior convictions . . . for impeachment of any witness other than a criminal defendant." *Id.*

Accordingly, we turn to consideration of Rule 403, which provides, in relevant part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Plaintiff argues that evidence of his conviction for an aggravated

3

criminal sexual assault will unfairly prejudice him, by making him out to be a "bad guy" in the eyes of the jury, and that this unfair prejudice will substantially outweigh the probative value of the prior conviction, which he claims is nil (Pl.'s Mem. at 2). The defendant makes the converse argument: the defendant claims that the prior conviction has substantial probative value with respect to the credibility of the plaintiff, and that there is no reason to believe that evidence of this prior conviction will taint the jury's view of the plaintiff (Def.'s Mem. at 3-4). The Court believes that plaintiff's position is closer to the mark than that of the defendant.

To begin with, the Court finds that the prior conviction for criminal aggravated sexual assault is of limited probative value. Evidence of prior convictions is not admissible to "stink up" a witness's character, but only "to shed light on the witness's credibility." *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir. 1992). We recognize that the Seventh Circuit has observed that Rule 609 reflects the proposition that "a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell*, 831 F.2d at 707; *see also Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1071 (N.D. Ill. 1999). However, the *Campbell* court questioned the correctness of that proposition, 831 F.2d at 707, as did the *Edwards* court. 31 F. Supp. 2d at 1071 n.2. And, indeed, the advisory committee notes state that the 1990 amendments (which post-dated *Campbell*) "reflect[] a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." Advisory Committee Notes to 1990 Amendments to Rule 609. And, as we have already noted, a conviction for rape is not highly probative of credibility. *Christmas*, 759 F.2d at 1292.

4

Moreover, there is nothing in particular about plaintiff's conviction for aggravated criminal sexual assault that would make evidence of that prior conviction particularly probative in this case. The defendant has not offered any evidence concerning when this prior conviction occurred, or plaintiff's conduct thereafter, that might arguably enhance the probative value of this testimony – and the plaintiff says he had had no prior or subsequent "run-ins with the law" (Pl.'s Reply Mem. at 2). Rather, the defendant asserts that the evidence is highly probative because the case may turn on whether the jury finds credible plaintiff's rendition of what occurred at Denny's on February 22, 1999 (Def.'s Mem. at 3). But, the defendant has not suggested that it lacks witnesses or other evidence by which to challenge the credibility of plaintiff's version of events. What's more, while plaintiff's credibility may be a central issue in the case, the fact is that a prior conviction of criminal sexual assault is not highly probative of credibility. Thus, at best, the probative value of this evidence is weak.

By contrast, the risk of unfair prejudice that would result from admission of this evidence is substantial. While the defendant suggests otherwise, the Court finds it difficult to believe that a jury would not tend to view the plaintiff as a "bad person" if it were to learn that he had been convicted of the offense of aggravated criminal sexual assault. *See Christmas*, 759 F.2d at 1292 (affirming trial court decision to exclude evidence of the plaintiff's prior rape conviction). Moreover, the risk here is not merely from the kind of prejudice that always results from relevant evidence that hurts one party's case, but rather is from the risk of unfair prejudice. The risk here is that if the jury learns of plaintiff's prior record for aggravated criminal sexual assault, it will view him as a "bad person" not because he is a liar (since this sex offense is not highly probative of credibility), but rather because he would perpetrate a sex offense that jurors might find odious. Thus, a jury may deny plaintiff a

verdict and an award, not because it doubts his veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent.

Defendant argues that this evidence should be admitted because it would not be cumulative, and thus if it is excluded, "the jury will not have knowledge of plaintiff's conviction . . . ." (Def.'s Mem. at 4). That argument fails to address the unfair prejudice point and, indeed, underscores another reason that this evidence should be excluded. In a number of the cases in which evidence of prior criminal conduct has been admitted under Rule 609, the plaintiff's criminal records already would come to the jury's attention for other reasons. *See Edwards*, 31 F. Supp. 2d at 1072 (collecting cases). That is not the case here. Plaintiff's prior criminal conviction is completely unconnected to the events that will be at issue at the trial, and will in no way come before the jury unless the defendant is allowed to offer evidence of the conviction for impeachment. In the Court's view, that is further reason to exclude the evidence, not to admit it.

Accordingly, plaintiff's motion *in limine* regarding criminal convictions is GRANTED.

## II.

In a second motion *in limine* (doc. # 12), plaintiff seeks to bar the defendant from offering evidence or argument that plaintiff's treating physicians "committed 'malpractice' in their care and treatment of plaintiff, treated plaintiff excessively or unnecessarily, or that these physicians deviated from applicable standards of care in the treatment of plaintiff" (Pl.'s Mot. at 1). In particular, plaintiff seeks to bar the defendant's expert, Dr. Saul Haskell, from expressing the opinion that a surgery performed on the plaintiff's right shoulder on September 13, 2000 "was unnecessary and

6

there was no medical basis for performing the surgery in view of the negative objective tests" (Pl.'s Mot., Ex. A, at 2).

The parties do not dispute that in this diversity action brought by plaintiff (an Illinois citizen), for injuries suffered at one of defendant's restaurants located in Illinois, the substantive tort law principles are supplied by Illinois law. The parties agree that under Illinois law, "a person injured through another's negligence can recover from the original tortfeasor not only for the original injury but [also] for any aggravation of the injury caused by a physician's malpractice, assuming that there was no want of ordinary care in the selection of the physician." *Gertz v. Campbell*, 302 N.E.2d 40, 43 (Ill. Sup. Ct. 1973) (quoted in *Doe v. United States*, 976 F.2d 1071, 1084 (7th Cir. 1992). However, the parties differ on the application of that principle to the case at hand.

According to the plaintiff, Dr. Haskell's opinion is an attempt to say that the surgery was excessive or unnecessary and thus "negligent," and that this opinion should be barred because, even if the surgery was negligent, under *Gertz* that surgery does not break the link of causation between any breach of duty by the defendant and damages suffered by the plaintiff (Pl.'s Mem. at 2). Defendant argues that *Gertz* does not apply here because the defendant does not claim that plaintiff suffered some aggravation of the original injury as a result of the surgery, but argues instead that the surgery was unnecessary as part of its challenge to the significance and duration of the original injury plaintiff allegedly suffered on February 22, 1999 (Def.'s Mem. at 2).

On this point, we agree with the defendant. Certainly, the defendant is entitled to challenge the extent and duration of the plaintiff's injury, and to put the plaintiff to his proof that the injury that he alleges occurred on February 22, 1999 created a condition serious enough to require surgery more than 18 months later. In challenging the plaintiff's proof, we see no reason that the defendant should

7

not be allowed to point to evidence that it contends shows that any injury that was suffered on February 22, 1999 had healed long before September 13, 2000. That challenge would inevitably lead to a challenge to the necessity of plaintiff's surgery in September 2000.

Accordingly, the motion to bar defendant from challenging the necessity of the September 2000 surgery is DENIED. This ruling is premised on defendant's representation that it will use Dr. Haskell's opinion solely to challenge the significance and duration of the injury allegedly suffered by the plaintiff on February 22, 1999, and will not seek to argue that the September 2000 surgery in any way aggravated that alleged injury.

## CONCLUSION

For the reasons set forth above, plaintiff's motion *in limine* to bar evidence of plaintiff's criminal conviction (doc. # 11) is GRANTED; plaintiff's motion *in limine* to exclude evidence or argument of "medical malpractice" is DENIED (doc. # 12). The parties are responsible for informing their witnesses of these rulings, and to admonish them not to offer testimony on matters barred by this Court's order.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: December 12, 2002